IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**NEFTALI SOTO PADRO,**
    **Plaintiff,**

    v.

**PUBLIC BUILDING AUTHORITY, et al.,**
    **Defendants.**

Civil No. 08-2175 (GAG)

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Neftali Soto Padro ("Plaintiff"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed the instant motion to alter this court's judgment at Docket No. 119. In his motion, Plaintiff requests that the court reconsider its rulings in its opinion and order (Docket No. 117) dismissing Plaintiff's claim in its entirety. After considering Plaintiff's arguments, the court **DENIES** said motion, as Plaintiff has not raised valid grounds for reconsideration under Rule 59(e).

**I.**    **Discussion**

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." U.S. v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (citing Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir.2005)). This vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). Plaintiff has raised four grounds for reconsideration in his motion. The court will consider each in turn.

    **A.**    **"In its Opinion and Order, this Honorable Court indicates that on or around February "2008" [P]laintiff was named Regional Director of the PBA's**

**Civil No. 08-2175 (GAG)** 2

> Mayaguez Region. However, the correct year for said appointment is 2009, the year after the 2008 November elections won by the New [P]rogressive Party."

The court recognizes that it misstated the date when Plaintiff was named Regional Director of the Public Building Authority's "PBA" Mayaguez Region. Therefore, the court amends its previous opinion and order to reflect that Plaintiff was appointed to this position on or around February of 2009. However, this amendment to the order does not change any of the court's previous rulings in its opinion and order.

> **B.** **"In its Opinion and Order, this Honorable Court indicates that 'all of Plaintiff's claims for declaratory relief have become moot.'"**

In his motion for reconsideration, Plaintiff contends that the court incorrectly held that all of his requests for equitable relief were moot. (See Docket No. 119 at 2.) However, Plaintiff has misstated the court's ruling as to the declaratory and injunctive relief sought by Plaintiff. While the court held that all of Plaintiff's claims for declaratory relief have become moot, it also held that Plaintiff's prayers for injunctive relief, with respect to his current career position with the PBA, were unripe. (See Docket No. 117 at 11-12.) Therefore, Plaintiff's arguments in his motion for reconsideration do not present a manifest error of law and are improperly raised in a motion for reconsideration. See Allen, 573 F.3d at 53.

> **C.** **"This Honorable Court in its Opinion and Order indicates that [P]laintiff has failed to demonstrate that he was deprived of a legally cognizable property interest, since the scope of said interest does not apply to the functions performed, and dismisses plaintiff's claim under the due process clause."**

Plaintiff contends that in making this finding, the court overlooked the issue of whether or not Plaintiff's reclassification was valid. In his motion, Plaintiff argues that, "Plaintiff occupied the position of Field Operations Supervisor, which was a career position, having thus a proprietary interest in said position. Being this the case, plaintiff could not be deprived of his position of Field Operations Supervisor without due process " (See Docket No. 119 at 3.) However, as the court previously cited, the First Circuit, in interpreting Puerto Rico state law, has limited this proprietary

**Civil No. 08-2175 (GAG)**                                    3

right to encompass only the right of continued employment.  Thus an employee does not have a property right over the duties he/she performs or the title of their positon.  See <u>Torres-Martinez v. P.R. Dep't. of Corr.</u>, 485 F.3d 19, 24-25 (1st Cir. 2007); <u>Morales-Narvaez v. Rossello</u>, 852 F. Supp. 104, 113 (D.P.R. 1994).  In its previous order, this court already addressed this legal deficiency in Plaintiff's due process claim and thus, it is not properly brought before this court again in the form a Rule 59(e) motion.

    **D.**    **"In its Opinion and Order this Honorable Court also dismisses Plaintiff's First Amendment political discrimination claim."**

    In his final plea for reconsideration, Plaintiff fails to state any viable grounds under Rule 59(e) for the court to reconsider its ruling as to Plaintiff's First Amendment claim.  In its previous order, the court found that Plaintiff was unable to present sufficient evidence to rebut Defendant's <u>Mt. Healthy</u> defense.[1]  (<u>See</u> Docket No. 117 at 16.)  Plaintiff has provided no newly discovered evidence nor has he identified any manifest error of law in the court's previous analysis.  Instead, Plaintiff merely reiterates his previous submissions to the court, which were found to be insufficient.  As such, Plaintiff presents no grounds for this court to reconsider its previous ruling under his Rule 59(e) motion.

**II.**    **Conclusion**

    For the foregoing reasons, the court **DENIES** Plaintiff's motion to alter judgment under Rule 59(e).

---

[1] The <u>Mt. Healthy</u> defense requires a defendant to articulate a nondiscriminatory ground for an adverse employment action and establish, by a preponderance of the evidence, that the same action would have been taken regardless of the plaintiff's political beliefs.  See <u>Mt. Healthy City Bd. of Ed. v. Doyle</u>, 429 U.S. 274, 287 (1977).

**Civil No. 08-2175 (GAG)** 4

**SO ORDERED**

In San Juan, Puerto Rico this 27th day of October, 2010.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge